437 So.2d 344 (1983)
Thelma Elizabeth FIELDS, Plaintiff-Appellant,
v.
WESTERN PREFERRED CASUALTY CO., et al., Defendants-Appellees.
No. 15528-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
Writ Denied November 4, 1983.
*345 Blackwell, Chambliss, Hobbs & Henry by Chet Harrod, West Monroe, for Thelma Fields, plaintiff-appellant.
Bruscato, Loomis, Deal & Street by C. Daniel Street, Monroe, for Herbert E. Munholland, Jr., defendant-appellant.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for Western Preferred Cas. Co., defendant-appellee.
Thomas G. Fields, in pro. per., defendant-appellee.
Hudson, Potts & Bernstein by Ben R. Hanchey, Monroe, for Allstate Ins. Co., defendant-appellee.
Before PRICE, MARVIN and SEXTON, JJ.
MARVIN, Judge.
In this action for damages arising out of an automobile accident, summary judgment gave effect to an endorsement to Munholland's liability policy which excluded liability coverage for a named employee of Munholland, who was driving a Munholland vehicle in the course of his employment when the accident occurred. The summary judgment in favor of the insurer is appealed by plaintiff, who was the driver of the other vehicle involved, and by Munholland, who is a co-defendant in the action.
The issue is whether the statutory omnibus coverage provision of the Compulsory Motor Vehicle Liability Security Law, LRS 32:861 et seq., applies to negate or override the effect of the endorsement which says that no liability coverage shall be afforded while Munholland's insured vehicles are being driven by a particular employee. This employee had a bad driving record and Munholland elected to exclude him from coverage to avoid paying an excess premium. The accident occurred on that employee's last day of work.
Louisiana enacted its Compulsory Motor Vehicle Liability Security Law by Act 115 of 1977, effective January 1, 1978. This policy was written in December 1981 and the endorsement excluding coverage of the named employee was added shortly after the policy was written. Notwithstanding the arguments of counsel regarding retroactivity, the amendments to the law by Act *346 926 of 1981 do not affect this action and the retroactivity of the 1981 amendments is not an issue in this appeal.
The insurer relies on cases such as Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App. 2d Cir.1982), writ denied, and Hudson v. Thompson, 422 So.2d 640 (La. App. 3d Cir.1982). Smith upheld a named driver exclusion in an automobile collision policy. Hudson upheld a named driver exclusion in an automobile liability policy but did not consider the effect of the Compulsory Motor Vehicle Liability Security Law on the named driver exclusion. This issue has been squarely presented in the courts of other states and is presented in this appeal.
Compulsory liability security laws are in effect in a great majority of the 50 states and are to be distinguished from financial responsibility laws. A compulsory liability security law requires an owner of a motor vehicle to purchase or provide either a liability "bond," a certificate of self-insurance, or a policy of liability insurance in specified amounts, as a prerequisite to registering a motor vehicle under state law. See Couch, § 45:679-682, 721, 725. A financial responsibility law, such as Louisiana adopted in Act 52 of 1952, has similar monetary requirements, but is not a prerequisite to registration of the vehicle and applies only after an accident has occurred. A financial responsibility law effectively allows a motorist one "free" accident. Couch, § 45:679.
The purpose of the compulsory law is not to protect the owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Couch, § 45:682. Compare LRS 22:655.
A statutory omnibus clause supercedes conflicting policy provisions. Couch, § 45:687, 697, 698, 714.
"[T]he inclusion of an omnibus clause ... is commonly required by ... compulsory insurance statutes ... and by financial responsibility acts.... The omnibus statutes must be read as part of a statutory scheme regarding compensation for traffic accident victims ... And exclusions or limiting provisions [in the policy] are invalid unless they are allowed by the Statute." Couch, § 45:309
LRS 32:861 requires that every motor vehicle registered in Louisiana shall be covered by a liability policy as defined by LRS 32:900 or by a liability bond or by a certificate of self-insurance. LRS 32:900 says that the liability policy shall insure the person named in the policy and any other person using the motor vehicle with the permission of the named insured against loss from the liability for damages arising out of the use of that motor vehicle subject to limits of $5,000 for bodily injury or death to one person, $10,000 to two or more persons, and $1,000 for damage to property of other persons. § 900 B(2). Other subsections of § 900 strongly suggest that the policy provisions shall not conflict with the statute and that the statute imposes coverage obligations which the policy itself may not have imposed on the insurance carrier. The emphasis is ours:
"The policy, the written application therefor, if any, and any rider or endorsement which does not conflict with the provisions of the Chapter shall constitute the entire contract between the parties." LRS 32:900 F(4).
"Any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this Chapter." LRS 32:900 H.
When we construe § 861 (Act 115 of 1977) with § 900 (Act 52 of 1952), the statutory scheme of the Louisiana Compulsory Motor Vehicle Liability Security Law generally conforms to the scheme of similar laws of other states as are explained and analyzed in Couch, cited supra. Appelman, §§ 4353ff., and Blashfield, §§ 292.9ff., are in accord with the Couch pronouncements. If a policy of liability insurance is written on a Louisiana motor vehicle, the minimal liability coverage is controlled by the statute and the statutory omnibus coverage *347 provision will override or supercede a policy provision or endorsement excluding a named driver.
Compulsory liability insurance has been limited to the statutory ceiling, notwithstanding greater policy limits which might be afforded by "stacking" of coverage on two or more automobiles, as in the case of uninsured motorist coverage. Arado v. Central National Ins. Co. of Omaha, 337 So.2d 253 (La.App. 4th Cir.1976), writ refused. Similarly, other states have held that the courts will reform a liability policy not in compliance with the compulsory law only to the extent to make the policy comply with the law. See and compare Couch, § 45:692, 740, 742, and cases there cited. Accordingly, we shall recognize that this policy should be "reformed" only up to the ceiling required by the Compulsory Motor Vehicle Liability Security Law, LRS 32:861, 900.
A compulsory liability policy is to be construed against the insurer and in favor of the insured in order to accomplish its purpose. Couch, § 45:691. While LRS 32:900H allows a provision requiring the reimbursement to the insurer by the insured of amounts the insurer would not have been obligated to pay except for the statutory requirements, the reimbursement provision of this policy is effective "[w]hen this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law ..." § 9 of policy conditions. This policy has not been so certified and the declarations page of the policy declares that "this policy ... does not comply with any financial responsibility law."
Summary judgment is REVERSED at the cost of appellee and this action is remanded for further proceedings.