595 So.2d 1218 (1992)
Brenda D. RAIMER, Plaintiff-Appellee,
v.
NEW ENGLAND INSURANCE COMPANY, John M. Striegel, Oxford Chemicals, Inc., and Viking Insurance Company, Defendants-Appellants.
No. 90-985.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
John Derosier, Lake Charles, for plaintiff-appellee Raimer.
Steven Mcginity, Lake Charles, and Allen Boudreaux, Jr., Metairie, for defendant-appellant New England.
Leah M. Hipple, Baton Rouge, for defendant-appellee Oxford.
Plauche, Smith & Nieset, Charles V. Musso, Jr., for defendant-appellee Viking.
Before DOMENGEAUX, C.J., and STOKER, and YELVERTON, JJ.
STOKER, Judge.
The sole issue before us in this appeal is whether the mandatory omnibus coverage provision of the Louisiana Compulsory Motor Vehicle Liability Security Law (LCMVLSL), LSA-R.S. 32:861, et seq., overrides a liability insurance policy endorsement which excludes coverage for a named driver. We hold that it does up to the statutory ceiling for compulsory liability insurance set forth in LSA-R.S. 32:900(B)(2).

FACTS
This case arises from a vehicular collision on August 25, 1987 between John M. Striegel, who was driving a car owned by Jackie Striegel and insured by Viking Insurance Co., and Brenda Raimer, who was driving her own car which was insured by New England International Surety of America, Inc. (New England). John was driving within the course and scope of his employment with Oxford Chemicals, Inc. at the time of the accident.
Raimer filed suit against her underinsured motorist insurer (New England), John Striegel, Oxford Chemicals, Inc., and Viking Insurance Co. New England filed an answer denying the allegation that any *1219 liable parties were underinsured and filed a cross-claim or third party demand against John Striegel, Viking Insurance, Oxford Chemicals and Liberty Mutual Insurance Co. (Oxford Chemical's liability insurer). Oxford Chemicals and Liberty Mutual Insurance filed an answer denying that the accident occurred while John Striegel was within the course and scope of his employment.
In the meantime, Viking Insurance filed a motion for summary judgment on the grounds that it would not be liable for any damages caused by John Striegel as the driver of Jackie's car since John was an excluded driver under Jackie's insurance contract. The trial court held in favor of Viking Insurance, granting its motion for a summary judgment and dismissing Raimer's demands against it.
Subsequently, New England (Raimer's U-M insurer) became insolvent and the Louisiana Insurance Guaranty Association (LIGA) was substituted as a party-defendant. LIGA appeals the summary judgment in favor of Viking Insurance. We reverse.

OPINION
LIGA contends on appeal that the trial court erred in upholding Viking Insurance's policy endorsement which excludes coverage under the policy for John M. Striegel.[1] We agree.
LSA-R.S. 32:861 provides in pertinent part:
"§ 861. Security required
A. (1) Every self-propelled motor vehicle registered in this state except those motor vehicles used as agricultural or forest vehicles during seasons when they are not used on the highway or those used primarily for exhibit or kept primarily for use in parades, exhibits, or shows shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2), or a binder for same, or by a motor vehicle liability bond as defined by Subsection B hereof, or by a certificate of the state treasurer stating that cash or securities have been deposited with said treasurer as provided by Subsection C hereof, or by a certificate of self insurance as provided by R.S. 32:1042.
(2) It shall be the duty of the registered owner of a motor vehicle to maintain the security hereinabove required. Failure to maintain said security shall subject the registered owner to the sanctions hereinafter provided in Sections 863, 864, and 865 of this Part."
LSA-R.S. 32:900(B)(2), also known as the statutory omnibus clause, provides:
"§ 900. `Motor Vehicle Liability Policy' defined
* * * * * *
B. Such owner's policy of liability insurance:
(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and

*1220 (c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.
(d) An owner may exclude a named person as an insured under a commercial policy if the owner obtains and maintains in force another policy of motor vehicle insurance which provides coverage for the person so excluded which is equal to that coverage provided in the policy for which the person was excluded. The alternative coverage is required for both primary and excess insurance."
The issue herein was dealt with in Fields v. Western Preferred Casualty Co., 437 So.2d 344 at 346 (La.App.2d Cir.), writ denied, 440 So.2d 754 (La.1983), as follows:
"The purpose of the compulsory law is not to protect the owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Couch, § 45:682. Compare LRS 22:655.
"A statutory omnibus clause supercedes conflicting policy provisions. Couch, § 45:687, 697, 698, 714.
`[T]he inclusion of an omnibus clause... is commonly required by ... compulsory insurance statutes ... and by financial responsibility acts.... The omnibus statutes must be read as part of a statutory scheme regarding compensation for traffic accident victims... And exclusions or limiting provisions [in the policy] are invalid unless they are allowed by the Statute.' Couch, § 45:309
"LRS 32:861 requires that every motor vehicle registered in Louisiana shall be covered by a liability policy as defined by LRS 32:900 or by a liability bond or by a certificate of self-insurance. LRS 32:900 says that the liability policy shall insure the person named in the policy and any other person using the motor vehicle with the permission of the named insured against loss from the liability for damages arising out of the use of that motor vehicle subject to limits of $5,000 for bodily injury or death to one person, $10,000 to two or more persons, and $1,000 for damage to property of other persons. § 900 B(2). Other subsections of § 900 strongly suggest that the policy provisions shall not conflict with the statute and that the statute imposes coverage obligations which the policy itself may not have imposed on the insurance carrier. The emphasis is ours:
`The policy, the written application therefor, if any, and any rider or endorsement which does not conflict with the provisions of the Chapter shall constitute the entire contract between the parties.' LRS 32:900 F(4).
`Any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this Chapter.' LRS 32:900 H.
"When we construe § 861 (Act 115 of 1977) with § 900 (Act 52 of 1952), the statutory scheme of the Louisiana Compulsory Motor Vehicle Liability Security Law generally conforms to the scheme of similar laws of other states as are explained and analyzed in Couch, cited supra. Appelman, §§ 4353ff., and Blashfield, §§ 292.9ff., are in accord with the Couch pronouncements. If a policy of liability insurance is written on a Louisiana motor vehicle, the minimal liability coverage is controlled by the statute and the statutory omnibus coverage provision will override or supercede a policy provision or endorsement excluding a named driver.
"Compulsory liability insurance has been limited to the statutory ceiling, notwithstanding greater policy limits which might be afforded by "stacking" of coverage on two or more automobiles, as in the case of uninsured motorist coverage. Arado v. Central National Ins. Co. of Omaha, 337 So.2d 253 (La.App. 4th Cir. 1976), writ refused. Similarly, other states have held that the courts will reform a liability policy not in compliance with the compulsory law only to the extent to make the policy comply with the law. See and compare Couch, § 45:692, 740, 742, and cases there cited. Accordingly, *1221 we shall recognize that this policy should be `reformed' only up to the ceiling required by the Compulsory Motor Vehicle Liability Security Law, LRS 32:861, 900."
Fields has recently been cited with approval by the supreme court in Hearty v. Harris, 574 So.2d 1234 at 1241 (La.1991):
"In Fields, the court correctly distinguished between a compulsory liability policy required under the LMVSRL by La.R.S. 32:861 and a voluntary liability policy and held the statutory omnibus coverage provision of La.R.S. 32:900 would override or supersede a provision in a compulsory liability policy which excluded a named driver."
The court in Hearty acknowledged that exclusions of specific drivers in automobile liability policies are permitted and are not against public policy where they do not conflict with an existing statutory provision mandating the inclusion of an omnibus clause in an insurance contract.[2] See Hearty v. Harris, supra at 1241.
The insurance contract between Viking and Raimer is a compulsory liability policy to the extent of the mandatory minimum liability coverage set forth in LSA-R.S. 32:900(B)(2). Therefore, the policy endorsement excluding John Striegel as a covered driver under the policy conflicts with the statutory omnibus clause to the extent of the statutory minimum liability coverage, and the policy must be reformed accordingly. See Fields v. Western Preferred Casualty Co., supra.

CONCLUSION
For the reasons given, the judgment of the trial court is reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed to appellee, Viking Insurance Co.
REVERSED and REMANDED.
NOTES
[1] We find no policy or policy renewal with an effective period covering the date of the accident in the record. According to the policy in the record, the policy expired two weeks prior to the accident. However, LIGA has chosen not to pursue this issue for reasons not in the record and, therefore, we will assume for purposes of this appeal that there was a policy in effect at the time of the accident.
[2] The issue in Hearty was whether a self-insured rental car agency, which enters into a rental agreement insuring against liability only the renter and one named additional driver, is mandated by public policy to provide omnibus coverage insuring other persons using the vehicle with the permission of the renter. The court in Hearty reached a plurality decision. However, we note that the one concurrence and two dissents argued for broader application of the omnibus clause to insurance contracts than that given in the plurality's opinion regarding the self-insurance contract. Therefore, we believe that the underlying public policy reflected in Hearty supports our decision in this case.