634 So.2d 1278 (1994)
Kara E. EDWARDS, et al., Plaintiffs-Appellants,
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 92-151.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Writ Denied May 6, 1994.
*1279 Thomas Taylor Townsend, Natchitoches, for Kara E. Edwards et al.
David Austin Rothell, Mansfield, for Automotive Cas. Ins. Co., et al.
Before KNOLL and COOKS, JJ., and CULPEPPER[*], J. Pro Tem.
COOKS, Judge.
Kara Edwards was involved in an automobile accident on December 8, 1990, in Natchitoches Parish. She was struck by a 1983 Toyota Tercel registered in the name of Robert O. Norman and driven by his daughter, Shelia Ann Norman. Automotive Casualty Insurance Company issued a liability policy covering the Toyota Tercel. A driver exclusion form, excluding Shelia Ann Norman (and two other named persons), was signed and attached as part of the policy.
After the accident and suit against it for damages by the plaintiffs, Automotive Casualty filed a Motion for Summary Judgment claiming the policy did not cover the driver, Shelia Ann Norman. The trial court granted the motion finding the Louisiana Supreme Court has consistently upheld exclusionary clauses, particularly those contained in automobile liability policies. This appeal followed.
The sole issue on appeal is whether the mandatory omnibus coverage provision of the Louisiana Compulsory Motor Vehicle Liability Security Law (LCMVLSL), LSA-R.S. 32:861, et seq., supersedes a liability insurance policy endorsement which excludes coverage for a named driver. Finding that it does, we reverse the grant of summary judgment.

OPINION
LSA-R.S. 32:861 provides in pertinent part as follows:
"§ 861. Security required
A. (1) Every self-propelled motor vehicle registered in this state except those motor vehicles used as agricultural or forest vehicles during seasons when they are not used on the highway or those used primarily for exhibit or kept primarily for use in parades, exhibits, or shows shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2), or a binder for same, or by a motor vehicle liability bond as defined by Subsection B hereof, or by a certificate of the state treasurer stating that cash or securities have been deposited with said treasurer as provided by Subsection C hereof, or by a certificate of self insurance as provided by R.S. 32:1042.
(2) It shall be the duty of the registered owner of a motor vehicle to maintain the security hereinabove required. Failure to maintain said security shall subject the registered owner tot he sanctions hereinafter provided in Sections 863, 864, and 965 of this Part."
R.S. 32:861 requires that every motor vehicle, except as excluded by statute, registered in Louisiana shall be covered by a liability policy as defined by LSA-R.S. 32:900 or by a liability bond or by a certificate of self-insurance.
LSA-R.S. 32:900(B)(2), also known as the statutory omnibus clause, provides:
"§ 900. `Motor Vehicle Liability Policy' defined
* * * * * *
B. Such owner's policy of liability insurance:
(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or *1280 use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and
(c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.
(d) An owner may exclude a named person as an insured under a commercial policy if the owner obtains and maintains in force another policy of motor vehicle insurance which provides coverage for the person so excluded which is equal to that coverage provided in the policy for which the person was excluded. The alternative coverage is required for both primary and excess insurance."
The present issue was considered in Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2d Cir.), writ denied, 440 So.2d 754 (La.1983); and later by this court in Raimer v. New England Insurance Co., 595 So.2d 1218 (La.App. 3d Cir.1992). The court in Fields noted the purpose of the compulsory liability security law is not to protect the owner or operator against liability, but to provide compensation for persons injured by the operator of insured vehicles. The Fields court concluded as follows:
"[4] When we construe § 861 (Act 115 of 1977) with § 900 (Act 52 of 1952), the statutory scheme of the Louisiana Compulsory Motor Vehicle Liability Security Law generally conforms to the scheme of similar laws of other states as are explained and analyzed in Couch, cited supra. Appelman, §§ 4353ff., and Blashfield, §§ 292.9ff., are in accord with the Couch pronouncements. If a policy of liability insurance is written on a Louisiana motor vehicle, the minimal liability coverage is controlled by the statute and the statutory omnibus coverage provisions will override or supersede a policy provision or endorsement excluding a named driver."
This court, quoting extensively from Fields, reached the same result in Raimer, supra. Further, the Louisiana Supreme Court in Hearty v. Harris, 574 So.2d 1234, 1241 (La. 1991), commenting favorably upon the Fields decision, stated:
"In Fields, the court correctly distinguished between a compulsory liability policy required under the LMVSRL by La. R.S. 32:861 and a voluntary liability policy and held the statutory omnibus coverage provision of La.R.S. 32:900 would override or supercede a provision in a compulsory liability policy which excluded a named driver."
The insurance contract between Norman and Automotive Casualty is a compulsory liability policy up to the extent of the mandatory minimum liability coverage set forth in LSA-R.S. 32:900(B)(2). Therefore, the driver exclusion form exempting Shelia Ann Norman as a covered driver conflicts with the statutory omnibus clause. Automotive Casualty's policy must be reformed to provide the minimum liability coverage mandated by law. See Fields, supra.
Automotive Casualty argues that LSA-R.S. 32:900 cannot apply in this case because the plaintiffs failed to file into the record any depositions, counter-affidavits, or other competent evidence which show Shelia Ann Norman was a permissive user of the vehicle, as required by R.S. 32:900(B)(2). This argument lacks merit.
The record clearly shows plaintiffs alleged in their petition that "Shelia Ann Norman was operating the Norman vehicle with the express and/or implied consent of its registered owner, Robert O. Norman." LSA-C.C.P. art. 966 only permits entry of a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact...." (Emphasis ours). The issue as to whether or not Shelia Ann Norman was operating the Norman vehicle with the express and/or implied consent of Robert Norman is a factual issue which must be determined by the trial court on remand.

*1281 DECREE
For the foregoing reasons, the judgment of the lower court granting defendants' motion for summary judgment is reversed at defendants' cost; and this action is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana State Supreme Court as Judge Pro Tempore.