692 So.2d 630 (1997)
Katherine B. BELLARD and Paul E. Bellard, Plaintiffs-Appellants,
v.
Rhonda K. JOHNSON, et al., Defendant-Appellee.
No. 96-961.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1997.
Writ Granted May 30, 1997.
David Michael Kaufman, Lafayette, for Katherine B. Bellard et al.
Mark Alfred Ackal, Lafayette, for Rhonda K. Johnson, et al.
Before DOUCET, C.J., and SAUNDERS, DECUIR, PETERS and AMY, JJ.
SAUNDERS, Judge.
Plaintiffs, Katherine B. Bellard and Paul E. Bellard, appeal from a summary judgment granted in favor of the defendant, Patterson Insurance Company, dismissing their claims against Patterson Insurance Company on the basis that the tortfeasor, codefendant, Michael Johnson, was not provided coverage under the insurance policy at issue. We find that the trial court erred in granting defendant's *631 motion for summary judgment and reverse.

FACTS
Plaintiff, Katherine B. Bellard, was involved in an automobile accident on June 2, 1995, while driving a 1978 Ford Thunderbird registered in the name of her husband, Paul E. Bellard. She was struck by a 1995 Buick Skylark registered in the name of Rhonda K. Johnson and driven by her husband, Michael Johnson. Patterson Insurance Company issued a policy covering the Buick Skylark. A named driver exclusion agreement form, excluding Michael Johnson, was signed and attached as part of the policy.
After the accident, Mr. and Mrs. Bellard filed suit to recover property damages and personal injury damages suffered as a result of the automobile accident. The matter was submitted to the trial court on cross motions for summary judgment. Plaintiffs filed a motion for summary judgment to establish insurance coverage, while defendant, Patterson Insurance Company, filed a motion for summary judgment claiming the policy denied coverage of the driver, Michael Johnson, and sought to be dismissed from the case. The trial court denied the motion for summary judgment of appellants and granted a motion for summary judgment in favor of defendant, Patterson Insurance Company, dismissing it from the case.
It is from this judgment that plaintiffs appeal.

LAW AND OPINION
In Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991), our supreme court reviewed the law and jurisprudence governing appellate review in summary judgment cases and stated:
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 714 (5th Cir. 1985); McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983); Wright, Miller & Kane, Federal Practice and Procedure, § 2716, at 125 (Supp.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp., supra; see also United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 640 (5th Cir.1985). The party who defended against the motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Thornbrough, supra; Wright, Miller & Kane, supra.

After reviewing the evidence presented, we find that the trial court erred in granting defendant, Patterson Insurance Company's, motion for summary judgment dismissing it from this case.[1]
The sole issue on appeal is whether the mandatory omnibus coverage provision of the Louisiana Compulsory Motor Vehicle Liability Security Law (LCMVLSL), La.R.S. 32:861, et seq., supersedes a liability insurance policy endorsement which excludes coverage for a named driver after La.R.S. 32:900(L) was added by Acts 1992, No. 979, § 1.
"R.S. 32:861 requires that every motor vehicle, except as excluded by statute, registered *632 in Louisiana shall be covered by a liability policy as defined by LSA-R.S. 32:900 or by a liability bond or by a certificate of self-insurance." Edwards v. Automotive Cas. Ins. Co., 92-151 (La.App. 3 Cir. 3/2/94); 634 So.2d 1278, 1279; writ denied, 94-0804 (La.5/6/94); 637 So.2d 1055.
La.R.S. 32:900(B)(2), frequently referred to as the omnibus clause, provides the following:
(B) Such owner's policy of liability insurance:
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and
(c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.
(d) An owner may exclude a named person as an insured under a commercial policy if the owner obtains and maintains in force another policy of motor vehicle insurance which provides coverage for the person so excluded which is equal to that coverage provided in the policy for which the person was excluded. The alternative coverage is required for both primary and excess insurance.
(Emphasis added).
When confronted with this issue prior to the enactment of the 1992 amendment, our court examined the treatment of these statutes. In Edwards, 634 So.2d 1278, 1280, (quoting Fields v. Western Preferred Casualty Co., 437 So.2d 344, 346-47 (La.App. 2 Cir.), writs denied, 440 So.2d 754 (La.1983)), this is what we had to say:
"When we construe § 861 (Act 115 of 1977) with § 900 (Act 52 of 1952), the statutory scheme of the Louisiana Compulsory Motor Vehicle Liability Security Law generally conforms to the scheme of similar laws of other states as are explained and analyzed in Couch, cited supra. Appelman, §§ 4353ff., and Blashfield, §§ 292.9ff., are in accord with the Couch pronouncements. If a policy of liability insurance is written on a Louisiana motor vehicle, the minimal liability coverage is controlled by the statute and the statutory omnibus coverage provisions will override or supersede a policy provision or endorsement excluding a named driver."
Fields, 437 So.2d 344, was cited with approval by the supreme court in Hearty v. Harris, 574 So.2d 1234, 1241 (La.1991):
In Fields, the court correctly distinguished between a compulsory liability policy required under the LMVSRL by La.R.S. 32:861 and a voluntary liability policy and held the statutory omnibus coverage provision of La.R.S. 32:900 would override or supersede a provision in a compulsory liability policy which excluded a named driver.
However, following Hearty and Fields, La. R.S. 32:900 was amended by Acts 1992, No. 979, § 1 which added La.R.S. 32:900(L). La. R.S. 32:900(L) reads as follows:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
As we noted in Threats v. Derousselle, 93-1047 (La.App. 3 Cir. 4/6/94); 636 So.2d 276, 281, "this amendment created a specific, limited substantive exception to the requirement of omnibus coverage for permissive users." Absent contrary legislative expression, substantive laws apply prospectively only. La. Civ.Code art. 6; Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). The record shows that the insured and the insurer agreed to the *633 terms of the policy on March 28, 1995, subsequent to the enactment of La.R.S. 32:900(L).
The named driver exclusion agreement/endorsement reads as follows:
In consideratipon [sic] of the premium charged, it is hereby agreed that insurance is not afforded by this policy while any vehicle is being used, driven, operated or manipulated by, or under the care, custody, and control of: Michael Johnson [name of excluded driver].
....
The provisions of this endorsement supersede and delete from the policy any contrary provision(s).
Therefore, the question of coverage turns on whether the exclusion contained in the policy between the named insured and the insurance company conflicts with Louisiana law in the wake of its 1992 amendment. This question has not been presented to this circuit until today.
The fourth circuit, however, in Carter v. Patterson Insurance Co. 96-CA-0111 (La. App. 4 Cir. 5/22/96); 675 So.2d 736, 740, has had the opportunity to address the very issue at hand:
Citing La.R.S. 32:900(B)(2), which requires omnibus coverage in all liability policies, plaintiffs next argue that the named driver exclusion which they executed violates public policy and has no effect. Prior to the adoption of Act 979 in 1992 plaintiffs' argument would have merit. However Act 979 amended R.S. 32:900 by adding Section L which provides:
"Notwithstanding the provisions of paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured."
Thus, we have no doubt that the 1992 amendment now permits an agreement between the insurer and insured excluding coverage of a particular named person who is a member of the insured's household. See, Threats v. Derousselle, 93-1047 (La. App. 3rd Cir. 4/6/94), 636 So.2d 276. Plaintiffs' policy is governed by the amendment since it was purchased in February of 1994. Edwards v. Automotive Casualty Insurance Co., 92-151 (La.App. 3rd Cir. 3/2/94), 634 So.2d 1278, writ denied, 94-0804 (La.5/6/94), 637 So.2d 1055, relied on by plaintiffs, is not relevant since the policy in that case was issued prior to Act 979. In fact, Act 979 is not even mentioned in the opinion.
The legislature has declared that excluding a named driver, who is a member of the insured's household, does not violate the public policy which mandates omnibus liability coverage. We cannot overturn that legislative declaration.
(Emphasis ours).
Despite the reasoning articulated in Carter, we are inclined to disagree with our brethren on the fourth circuit. La.R.S. 32:900(L) says that an insurer and an insured may, by written agreement, exclude from coverage any named person who is a resident of the same household as the named insured. A reading of this statute readily shows that it is susceptible to two distinct interpretations. The concepts of "named insured" and "omnibus insured" are well established and deeply engraved in our law. La.R.S. 32:900 refers in one instance to "any named person" and in another to the "named insured" but in no instance does it refer to the concept of "omnibus insured." The statute as written can be read as an authorization to exclude both "named" and "omnibus" coverage but it can also be read just as easily to authorize exclusion of only coverage as a "named insured."
When a statute is open to more than one interpretation, it is our job to give it that which "best conforms to the purpose of the law" and in keeping with the legislative history and intent. La.Civ.Code art. 10. We are also mindful that laws on the same subject must be interpreted in reference to each other. La.Civ.Code art. 13. If we were to adopt the reasoning of the fourth circuit, we would do so only at the cost of abandoning the very strong legislative policy of protecting all persons from the danger and injustice of being injured by an insolvent or uninsured motorist who cannot respond in damages for his own carelessness and tortious conduct. A far more reasonable interpretation would honor the long-recognized legislative policy: *634 continued protection to persons from damage caused by uninsured motorists and yet allow the insurer and his insured to contract away "named insured" status in appropriate cases. A "named insured" may authorize others to drive his vehicle and has the benefit of coverage which follows him to other vehicles. This is significant coverage which might be contracted away with substantial savings to the insured and without unwarranted danger being cast upon the public at large. In view of the long-standing legislative policy contained in La.R.S. 32:861, et seq., it is our view that the legislature's authorization of La.R.S. 32:900(L) extends only to the exclusion of a household member for "named insured" status and not for omnibus coverage. This interpretation "conforms to the purpose of the law" by continuing to protect the public from uninsured motorists and also gives support to La.R.S. 32:900(L) by allowing the parties to exclude "named insured" coverage.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings, with costs at the trial level to await the merits. Costs of this appeal assessed to Patterson Insurance Company.
REVERSED.
DOUCET, C.J., and AMY, J., dissent and assign written reasons.
DOUCET, Chief Judge, dissenting.
I respectfully dissent from the majority herein. The majority seeks, by disregarding the clear meaning of La.R.S. 32:900(L), to void the agreement entered by Rhonda Johnston and Patterson Insurance Company to exclude her husband, Michael Johnston, from the policy of insurance issued by Patterson to her. La.R.S. 32:900(L) provides that:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
This paragraph is by its own terms an exception to the omnibus insurance provisions of La.R.S. 32:900(B)(2). It allows an insured to "exclude from coverage any named person ...", (Emphasis supplied.) without in any way limiting the type of coverage from which the person may be excluded. La.Civ.Code art. 11 states that: "The words of a law must be given their prevailing meaning...." While it is difficult to find any potential for misinterpretation in the language used, the majority has launched a search for ambiguity to allow a judicial repeal of the provisions of La.R.S. 32:900.
La.R.S. 32:900(L) was enacted in response to the decisions in Fields v. Western Preferred Casualty Co., 437 So.2d 344, 346-47 (La.App. 2 Cir.), writs denied, 440 So.2d 754 (La.1983) and Hearty v. Harris, 574 So.2d 1234 (La.1991), which held that the omnibus insured coverage provision of La. R.S. 32:900(B)(2) would supersede any contractual exclusion of a named driver. The legislature clearly sought to overrule these decisions by enacting La.R.S. 32:900(L). However, by interpreting it as allowing exclusion of named persons only, from named insured status, the majority essentially nullifies any possible effect of La.R.S. 32:900(L).
The Fourth Circuit in Carter v. Patterson Ins. Co., 96-0111, p. 8 (La.App. 4 Cir. 5/22/96); 675 So.2d 736, 740, writ denied, 96-1639 (La.10/4/96); 679 So.2d 1384., interpreting La.R.S. 32:900(L) in light of its clear and unambiguous terms, gave it application as intended by the legislature, stating that:
Thus, we have no doubt that the 1992 amendment now permits an agreement between the insurer and insured excluding coverage of a particular named person who is a member of the insured's household. See, Threats v. Derousselle, 93-1047 (La. App. 3rd Cir. 4/6/94), 636 So.2d 276. Plaintiffs' policy is governed by the amendment since it was purchased in February of 1994. Edwards v. Automotive Casualty Insurance Co., 92-151 (La.App. 3rd Cir. 3/2/94), 634 So.2d 1278, writ denied, 94-0804 (La.5/6/94), 637 So.2d 1055, relied on by plaintiffs, is not relevant since the policy in that case was issued prior to Act 979. In fact, Act 979 is not even mentioned in the opinion.

*635 The legislature has declared that excluding a named driver, who is a member of the insured's household, does not violate the public policy which mandates omnibus liability coverage. We cannot overturn that legislative declaration.
In light of the Carter decision and the clear terms of La.R.S. 32:900, I would affirm the decision of the trial court.
AMY, Judge, dissenting.
I respectfully disagree with the majority's reversal of the judgment of the trial court. In this case, the majority finds that the trial court erred in granting defendant's motion for summary judgment and proposes to reverse. I disagree that La.R.S. 32:900(L) allows exclusion from only the named insured coverage. In my opinion, by inclusion of the phrase "Notwithstanding the provisions of paragraph B(2) of this Section," La.R.S. 32:900(L) clearly provides for exclusion from both the named insured coverage and the omnibus coverage. In light of this language and the reasoning of Carter v. Patterson Ins. Co., 96-0111 (La.App. 4 Cir. 5/22/96); 675 So.2d 736, I am unable to find that the provision allows for only a limited exclusion. Accordingly, I would affirm the trial court.
NOTES
[1] La.Code Civ.P. art. 966 was amended by Acts 1996, 1st Ex.Sess., No. 9, § 1, eff. May 1, 1996. Although the jurisprudence cited is prior to the amendment, it does not appear that it would effect or change the result in this case.