698 So.2d 715 (1997)
Idonia GREEN, Plaintiff-Appellee,
v.
Tommy Lee BAILEY, Jr., et al., Defendant-Appellant.
No. 29759-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
*716 Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for Louisiana Indemnity Insurance Co.
Kitchens, Benton, Kitchens & Warren by Graydon K. Kitchens, III, Minden, for State Farm Mut. Automobile Insurance Co.
Ronald J. Miciotto, Shreveport, for Idonia Green.
Before MARVIN, NORRIS and CARAWAY, JJ.
CARAWAY, Judge.
Appellant, Louisiana Indemnity Insurance Company ("LIIC"), appeals the judgment of the trial court finding that the policy of liability insurance it issued to the named insured, Daphne Bailey, provided liability coverage for her husband, Tommy Lee Bailey, even though Mr. and Mrs. Bailey executed a "Named Driver Exclusion Endorsement" excluding Mr. Bailey from coverage. The trial court held that despite the passage of Act 979 of 1992, the named driver exclusion endorsement in the LIIC policy violated public policy codified in the Compulsory Motor Vehicle Liability Security Law, namely La. R.S. 32:861 through 865, and was therefore unenforceable in this state. Thus, it rendered judgment in favor of the plaintiff and her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), the appellee herein, and against LIIC, for stipulated damages of $6500.00 and 3469.11, respectively, finding that the LIIC policy provided coverage for damages caused by the fault of Tommy Bailey. For the following reasons, we reverse and render judgment in favor of LIIC.
This matter was tried by joint stipulation of facts which include, in pertinent part, the following:
On June 20, 1993 a two-vehicle accident occurred involving a vehicle owned by Daphne Bailey and operated by Tommy Lee Bailey, Jr. and a vehicle owned and operated by Idonia Green. The sole cause of the accident was the fault of Tommy Bailey.
State Farm provided full coverage, including UM coverage, to Idonia Green and has paid her approximately $3500.00 for medical expenses and property damages.
LIIC issued a liability policy to Daphne Bailey. The policy issued to Daphne Bailey had a "Named Driver Exclusion Endorsement" executed by Daphne Bailey and LIIC's authorized representative, which excluded Tommy Bailey from coverage. The exclusion form was also signed by Tommy Bailey. The key language of the exclusion states that "[i]n consideration of the premium charged, it is hereby agreed that insurance is not afforded by this policy while any vehicle is being used, driven, operated or manipulated by, or under the care, custody and care of: `Tommy Bailey.'"
In her deposition, which was attached to the joint stipulation and made a part thereof, Daphne Bailey testified that she was married to and living with Tommy Bailey at the time of the accident.
On these stipulations the case was presented to the trial court to determine which of the two insurance companies would be responsible for the $6500.00 which was stipulated as the plaintiff's damages. Judgment was rendered in favor of plaintiff for her damages and in favor of State Farm for reimbursement of the monies it had previously paid to the plaintiff. LIIC appeals alleging that the trial court erred in finding that the named driver exclusion violated public policy and that the LIIC policy provided coverage for Tommy Lee Bailey.

Discussion
The owner of every motor vehicle in this state is required to insure that vehicle with a liability insurance policy with liability limits defined by La. R.S. 32:900(B)(2). La. R.S. 32:861 A. Failure to carry insurance on a motor vehicle may result in the sanctions provided for in La. R.S. 32:863, 32:863.2 and 32:865. La. R.S. 32:900(B)(2), which defines the liability limits of the compulsory liability insurance law is also known as the "statutory omnibus clause." See Raimer v. New England Ins. Co., 595 So.2d 1218 (La.App. 3d Cir.1992). It provides, in pertinent part, that the owner's liability insurance policy
(2) Shall insure the person named therein and any other person, as insured, using *717 any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury....
An "omnibus clause" is a clause in an insurance policy that extends the term "insured" to include the named insured and also includes any other person while using the vehicle provided that the use of the vehicle is by the named insured or with his permission or consent. See GEORGE J. COUCH, Couch Cyclopedia of Insurance Law 2d., Vol. 12 at 616 (1981). A statutory omnibus clause, such as R.S. 32:900(B)(2) cited above, supersedes conflicting insurance policy provisions. Couch, Sec. 45:687, 697, 698, 714. See also, Raimer, supra; Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2d Cir.1983), writ denied, 440 So.2d 754 (La.1983).
Thus, our courts have struck down named driver exclusions in insurance policies as violative of the public policy embodied in our statutory omnibus clause. For example, in Edwards v. Automotive Casualty Insurance Company, 634 So.2d 1278 (La.App. 3d Cir. 1994), a case with facts arising before the 1992 enactment, the court reversed a summary judgment in favor of the defendant insurer holding that Louisiana's Compulsory Motor Vehicle Liability Security Law, La. R.S. 32:861 and 32:900(B)(2) superseded a named driver exclusion endorsement. The court struck down the endorsement and reformed the insurance contract to find liability coverage.
In 1992, however, the Louisiana legislature passed 1992 Act 979 amending La. R.S. 32:900 by adding the following subsection:
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
The law's enforcement provisions have likewise been amended requiring that the certificate of insurance, carried in the vehicle at all times to evidence the compulsory coverage, list the name of any excluded driver. La. R.S. 32:863.1(A)(1)(a)(v). Thus, the operator of the vehicle, such as Mr. Bailey, can be identified by law enforcement officers from the insurance documentation within the vehicle to be in violation of the law and therefore subject to the law's sanctions, including the criminal penalties of La. R.S. 32:865.
Appellees argue that Louisiana's statutory omnibus clause, R.S. 32:861 and 32:900(B)(2), supersedes 32:900(L) on the same public policy grounds that the pre-amendment decisions held that the statutory omnibus clause superseded named driver exclusions in insurance contracts. The appellees ignore the fact that we are now dealing with a statute enacted by the legislature rather than a juridical act involving the insured and an insurance company.[1] Likewise, the trial court failed to address the effect of Act 979 on the statutory omnibus clause provision of R.S. 32:861 and 32:900.
While this court has yet to specifically consider this issue as now argued by appellees,[2] the Louisiana Supreme Court has very recently indicated that this question should be laid to rest. In Bellard v. Johnson, 96-C-0909 (La.5/30/97) 692 So.2d 630, the high court granted a writ and summarily reversed *718 a ruling by the Third Circuit Court of Appeal which had declined to apply the new act for reasons echoing the past policy concerns. In the order accompanying the writ grant, the Supreme Court rejected the Third Circuit's strained interpretation, stating:
La. R.S. 32:900 L clearly permits the purchaser of a policy to exclude from coverage a resident of his household. The decision of the court of appeal is reversed. The judgment of the trial court granting summary judgment in favor of Patterson Insurance Company and dismissing the plaintiff's claims against it is reinstated.
In contrast to the rationale of the Third Circuit rejected by the Supreme Court in Bellard, the Fourth Circuit in Carter v. Patterson Ins. Co., 96-0111 (La.App. 4th Cir. 5/22/96), 675 So.2d 736, 740, had previously upheld the validity of the named driver exclusion under the new act rejecting the same public policy argument now urged by appellees, stating as follows:
Thus, we have no doubt that the 1992 amendment now permits an agreement between the insurer and insured excluding coverage of a particular named person who is a member of the insured's household.
* * * * * *
The legislature has declared that excluding a named driver, who is a member of the insured's household, does not violate the public policy which mandates omnibus liability coverage. We cannot overturn that legislative declaration.
Writs were denied by the high court in Carter, 675 So.2d at 740.
Hence, we conclude that the trial court erred in voiding the named driver exclusion contained in the LIIC policy and in rendering judgment against LIIC and in favor of the plaintiff and State Farm. Accordingly, the judgment of the trial court against LIIC and in favor of the plaintiff for $6500.00 and in favor of State Farm for $3469.11 is reversed. We render judgment dismissing the plaintiff's and State Farm's claims against LIIC, and in favor of the plaintiff and against State Farm for the stipulated damages of $6500.00, including legal interest thereon from judicial demand until paid, and for all costs.
REVERSED AND RENDERED.
NOTES
[1] La. Civ.Code art. 7 states that "[p]ersons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity."
[2] In Safeway Insurance Company v. Johnson, 28,150 (La.App.2d Cir. 1/24/96), 666 So.2d 1300, we concluded that a named driver exclusion agreement under R.S. 32:900(L) need only be signed by the named insured in order to exclude coverage for a specified driver while operating the insured vehicle. The precise issue of whether the named driver exclusion pursuant to R.S. 32:900(L) violated public policy was not raised nor decided in that case.