696 So.2d 12 (1997)
Helen JOHNS, et al., Plaintiffs-Appellants,
v.
Meriam CLOUD, Illinois National Insurance Co., et al., Defendants-Appellees.
No. 96-1459.
Court of Appeal of Louisiana, Third Circuit.
May 7, 1997.
Ronald K. Seastrunk, Leesville, for Helen Johns, et al.
Meriam Cloud, pro se.
Michael Patrick Corry, Lafayette, for Illinois National Ins., et al.
John W. Munsterman, Alexandria, for Scottsdale Ins. Co.
Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
Helen Johns filed a personal injury suit against Illinois Insurance Company for damages incurred as a result of an automobile accident. Illinois insured an automobile owned by defendant, Meriam Cloud, and driven by her minor son, Oscar. The trial *13 court granted a motion for summary judgment brought by Illinois Insurance Company. Illinois contended, and the trial court agreed, that a named driver exclusion executed by Ms. Cloud at the time the policy was issued precluded coverage. The dispute centers around whether Oscar was living in his mother's household when the accident occurred.
Ms. Johns appeals this judgment arguing that Oscar's residency is a disputed essential element of the claim rendering summary judgment inapplicable in this case. We agree and reverse the trial court's determination for the following reasons.

I.

ISSUE
The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of Illinois National Insurance Company.

II.

FACTS
On May 23, 1995, Oscar S. Cloud operated an automobile owned by his mother, Meriam Cloud. The automobile, while operated by Oscar, struck a vehicle in which Helen Johns was a passenger. Ms. Johns alleges that she sustained personal injuries as a result of the accident.
Ms. Cloud's vehicle was insured by Illinois National Insurance Company. At the time Ms. Cloud applied for coverage, she executed a named driver exclusion agreement in which she excluded her son from coverage under the policy. Oscar was a resident of her household at the time Ms. Cloud executed the exclusion agreement.

III.

LAW & DISCUSSION
Appellate courts perform a de novo review upon a motion for summary judgment exercising the same criteria used in the trial court's determination of whether summary judgment is appropriate. Dauzat v. Hartford Ins. Co. of the Midwest, 95-50 (La.App. 3 Cir. 5/3/95); 657 So.2d 188. Article 966 of the Louisiana Code of Civil Procedure was recently amended and reenacted "to secure the just, speedy, and inexpensive determination of every action." In achieving these goals, the amended statute provides that once the mover shows that the motion should be granted, then the burden shifts to the non-moving party who must present evidence which manifests remaining issues of material fact. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691.
If the non-moving party fails to present evidence which comprises an essential element of the claim, the summary judgment motion will be granted as a matter of law. La.Code Civ.P. art. 966(C). There is no "genuine issue of material fact" when the non-moving party is unable to present evidence essential to the claim because those facts, which were not put forth, are material to the claim. Hayes, 96-287; 685 So.2d 691. The moving party is "entitled to judgment as a matter of law" because when the burden of proof shifted to the non-moving party, a sufficient showing of an essential element of the claim was not made. Hayes, 96-287; 685 So.2d 691.
The summary judgment motion in this case was granted pursuant to La.R.S. 32:900(L) which states:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
Ms. Cloud did, in fact, exclude her son, who was a resident of her home at the time she executed the policy, from coverage under this statute. The accident, however, occurred at a time in which there is a legitimate question of whether Oscar was no longer a resident of Ms. Cloud's home.
Illinois National Insurance Company suggests that since the policy was renewed on a number of occasions, then the exclusion was in effect on the day of the accident. It argued that a new exclusion is not necessary for subsequent reinstatements, renewals or substitute policies and referred to Louisiana *14 Revised Statutes 22:1406(D)(1)(a) and to Donaghey v. Cumis Insurance Society, 600 So.2d 829 (La.App. 3 Cir.1992) as the basis of its assertion. However, we find that these authorities are not dispositive on the issue of whether the exclusion was in effect on the day of the accident.
The issue in Donaghey was whether a one time rejection of uninsured/underinsured motorist coverage is valid when the number of vehicles covered under the policy increases. After a careful analysis of La.R.S. 22:1406(D)(1)(a) and relevant case law, this court determined that the additional car did increase the policy's coverage and required a separate rejection (as opposed to a simple renewal) of the uninsured/underinsured motorist insurance because the addition is an increase in the policy's coverage. Donaghey, 600 So.2d 829. Applying that analysis to this case, Ms. Cloud cannot simply renew her policy because once her son moved out of her household, he became a member of the group of permissive vehicle users, which increases her policy's coverage to include him as a permissive user as opposed to the complete exclusion of him as a resident of her household.
Louisiana Revised Statutes 22:1406 covers the specific duties of casualty and surety division; uninsured motorists coverage; and temporary substitute vehicles and rental vehicles. The portion of the statute to which Illinois refers specifically applies to uninsured motorist coverage. Pertinent portions of the statute read as follows:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(a)(I) ... Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.
La.R.S. 22:1406(D)(1)(a)(i). The language in this statute does not suggest that the legislature intended the statute to apply to any other form of coverage besides uninsured motorist. If the legislature did so intend, it would not have specifically stated that the provisions apply to uninsured motorist coverage. Since this case concerns a household residency exclusion, this statute is inapplicable in this case.
Ms. Johns argues that this action should not be dismissed upon the grant of a summary judgment motion because an element essential to the claim, Oscar's residency, is in dispute. According to an affidavit provided by Officer Sparks, the investigating officer, Oscar informed him that his address was 211 Jeane Chapel Road, Leesville, La. 71446, which is different from Ms. Cloud's address on the insurance policy. Louisiana Revised Statutes 32:900(L) requires that the individual who is excluded from coverage is a resident of the household of the insured. This individual remains excluded from coverage unless he is no longer a resident of the household of the insured. Once he moves away from that particular residence, the exclusion no longer applies. That person is treated as other individuals who use this car who are not residents of the insured's home.
Residency is an essential element of the claim. Officer Spark's affidavit provides evidence that residency is a disputed fact in this case. Since Ms. Johns sustained her burden of proving that an essential element of the claim was in dispute, the grant of the motion for summary judgment was improper.
Illinois cites a number of cases in its brief which regard the issue of whether the driver exclusion clause is proper and/or appropriate. That concern is not at issue in this case. Before we address the appropriateness of the exclusion clause, a determination must first be made as to whether the person excluded under the clause is a resident of the household of the insured as required by La.R.S. 32:900(L).

IV.

CONCLUSION
For the foregoing reasons, the trial court's grant of summary judgment is reversed. This case is remanded to the trial court for *15 proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.