732 So.2d 608 (1999)
Jonathan HODGE, Plaintiff-Appellee,
v.
James M. AUSTIN, Alice Austin, and Michael T. Austin, Defendants-Appellees,
Illinois National Insurance Company, Third Party Defendant-Appellant.
No. 31,564-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
Davenport, Files & Kelly By Carey B. Underwood, Monroe, Counsel for Third Party Appellant, Illinois National.
Shotwell, Brown & Sperry By Marshall T. Napper, Monroe, Counsel for Appellees, James, Alice & Michael Austin.
*609 Robert G. Foley, Monroe, Counsel for Plaintiff, Jonathan Hodge.
Before BROWN, WILLIAMS, STEWART, KOSTELKA, DREW, JJ.
KOSTELKA, J.
The insurer appeals the trial court judgment finding coverage under an automobile liability policy and in awarding attorney fees and expenses. We reverse in part, affirm in part, and render.

FACTS
On September 25, 1995, twenty-three-year-old Michael Austin ("Michael") backed his parents' 1984 Ford pickup truck out of his driveway in West Monroe, Louisiana, and struck a vehicle in which Jonathan Hodge ("Hodge") was a guest passenger. Hodge suffered only minor injuries as a result of the accident. The liability insurer of the Austin vehicle, Illinois National Insurance Company ("Illinois") denied coverage based upon a "Named Driver Exclusion Agreement" executed by James and Alice Austin ("the Austins") on January 20, 1994, which excluded Michael from coverage as a resident of their household in Winnfield, Louisiana.
Sometime after the execution of the exclusion agreement, Michael moved from his parents' home to a Monroe apartment where he lived until January 1995. Michael then moved to another residence in West Monroe where he remained until well past the accident date. Despite the Named Driver Exclusion Agreement on their insurance policy, the Austins had granted Michael unfettered use of the 1984 Ford pickup truck.
Hodge instituted suit against Michael and the Austins. When Illinois refused to defend due to the Named Driver Exclusion Agreement, the Austins filed a third-party demand against Illinois on June 25, 1996 seeking coverage for Michael under the policy, along with penalties and attorney fees.
Finding Michael solely at fault in causing the accident, the trial court assessed Michael and Illinois with $1,508.85 in damages after holding the exclusion to be without effect because Michael was not a resident of his parents' household on the date of the accident. The court also awarded the Austins $2,275.00 in attorney fees and $132.79 in expenses due to Illinois's refusal to defend but denied penalties after determining that Illinois's refusal to defend was not arbitrary and capricious. This appeal ensued.

DISCUSSION
On appeal, Illinois claims that the trial court erred in finding coverage for Michael under the policy and in awarding attorney fees and expenses.[1]
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles. Every owner of a motor vehicle is required to obtain proof of security prior to registration and/or the issuance of a driver's license. La. R.S. 32:861(A)(1) & (2); La. R.S. 32:862(C) & (D). One method of complying with this requirement is to obtain an "automobile liability policy." La. R.S. 32:861(A)(1) mandates that all such automobile policies include liability limits as defined by La. R.S. 32:900(B)(2), commonly known as the statutory omnibus clause. La. R.S. 32:900(B)(2) requires every insurance policy to insure the named insured(s) and any permissive users, but La. R.S. 32:900(L) provides an exception as follows:
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any *610 named person who is a resident of the same household as the named insured. (Emphasis ours).
This provision allows the insurer and the insured in the written insurance contract to exclude from coverage any particular person who is a resident of the same household. Bellard v. Johnson, 97-0909 (La.05/30/97), 694 So.2d 225; Green v. Bailey, 29,759 (La.App.2d Cir.08/20/97), 698 So.2d 715.
Relying on Johns v. Cloud, 96-1459 (La.App. 3d Cir.05/07/97), 696 So.2d 12, in finding that the exclusion did not apply to Michael, the lower court placed sole emphasis on the status of residency, namely the fact that Michael did not reside with his parents on the date of the accident. We cannot agree.
While Johns, supra, involved facts similar to the case sub judice, it was brought before the Third Circuit in a different procedural posture than the present case, i.e., a pre-trial granting of summary judgment. On appeal, the Third Circuit reversed the trial court's grant of summary judgment based upon a named driver exclusion after finding that a disputed fact existed as to the residency of the individual who was excluded from coverage and remanded the case for resolution of that issue of fact. By so ruling, the Johns court was never squarely faced with the issue of the applicability of an exclusion once the excluded individual has physically moved from the insured's residence. Nevertheless, the Third Circuit observed and suggested that under those circumstances the exclusion should be without effect.[2] It was upon these statements that the trial court in this case relied in finding coverage. We, however, consider the court's comments to have been dicta which provide no precedent or authority for resolving the ultimate issue of whether the exclusion applies.
Furthermore, we disagree with the Third Circuit's conclusion in those dicta. La. R.S. 32:900(L) refers to the exclusion by the contracting parties of a named person, not some residential status. Accordingly, whether or not the excluded person is a resident of the household at the time of an accident should be immaterial as long as he was a resident at the time the contract of insurance was confected. Obligations of the parties to a contract are fixed at the time the contract is entered into. Louisiana Smoked Products v. Savoie's Sausage & Food Products, 96-1716, 96-1727 (La.07/01/97), 696 So.2d 1373; Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983). The insurer agrees to, and the insured obtains, lower premiums in return for excluding a higher risk driver, regardless of where that driver continues to live. Accordingly, premium reduction is the sole purpose of the exclusion in the contract and La. R.S. 32:900(L). Indeed, the present record reflects that premium reduction precipitated the Austins' choice to exclude Michael from coverage.[3] As pointed out by this court previously, even the enforcement provisions of La. R.S. 32:863.1(A)(1)(a)(v) provide that the certificate of insurance, required to be carried in the insured vehicle at all times, must list the name of any such excluded driver so that law enforcement officers can determine if a particular driver is insured. Green, supra.
*611 We therefore hold that a named driver exclusion remains effective as to the excluded driver who was a resident of the insured's household at the time of the execution of the exclusion as long as that driver remains named on the exclusion and despite the excluded individual's subsequent move from the insured's residence. In light of the foregoing, we reverse the trial court judgment finding coverage for Michael.
Moreover, under these circumstances, the insurer owed no duty to defend the named insured when the only allegation against the insured was that he was negligent in permitting the specifically excluded driver to operate the vehicle. To force the insurer to defend the excluded driver or the named insured for allowing the excluded driver to drive in derivation of the terms of the insurance contract not only makes the exclusion worthless but forces the insurer to defend someone for not having insurance. There was no viable theory under which the insureds here, the Austins, could have been liable to the plaintiff. The named excluded driver was not a minor, was not acting as an agent for the insureds (his parents), or on a mission for them, or incompetent, and no negligent entrustment was alleged. We therefore, likewise, reverse the trial court award of attorney fees and expenses.

CONCLUSION
In light of the foregoing, those portions of the trial court judgment rendered in favor of Jonathan Hodge against Illinois National Insurance Company for the sum of $1508.85 with legal interest from the date of judicial demand and in favor of James M. Austin, Alice Austin and Shotwell, Brown & Sperry, L.L.P. against Illinois National Insurance Company for $2275.00 in attorney fees and expenses of $132.79 and assessing Illinois National Insurance Company with costs, are reversed at appellee's costs. In all other respects the judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART; RENDERED.
BROWN, J., dissents with reasons.
DREW, J., dissents for the same reasons assigned by BROWN, J.
BROWN, J., Dissenting,
Liability insurance policies are written for the benefit of injured persons and to protect, inter alia, omnibus insureds. La. R.S. 22:655(D). Louisiana law requires that all such policies must insure those driving with permission of the named insured. La. R.S. 32:900(B)(2). Any derogation from this mandate must be strictly construed.
La. R.S. 32:900(L) creates an exception to these public policy goals and allows a narrow exclusion to the mandated omnibus coverage. This derogation must be limited to its clear text, i.e., any person "who is a resident of the same household as the named insured." Doing so leads to the conclusion that a named excluded driver is only excluded under that section while he or she remains a resident of the household of the insured. Had the legislature meant to allow the exclusion of a permittee from omnibus coverage under La. R.S. 32:900 regardless of his or her residence, it could easily have done so. The inclusion of a residence requirement in section (L) indicates that the excluded person's residence in the household of the insured is essential to the effectiveness of the exclusion. When a named excluded driver is not a resident of the household of the insured, the exclusion is invalid for purposes of the statutory omnibus clause. Johns v. Cloud, 96-1459 (La.App. 3d Cir.05/07/97), 696 So.2d 12.
In Johns, supra, the Third Circuit considered whether the trial court erred in granting a motion for summary judgment in favor of an insurer under La. R.S. 32:900(L). In Johns, the excluded person was a resident of the insured's household at the time the exclusion was executed but there was a dispute about the residence of the excluded person at the time of the accident. In reversing the trial court, the Third Circuit stated:

*612 Louisiana Revised Statutes 32:900(L) requires that the individual who is excluded from coverage is a resident of the household of the insured. This individual remains excluded from coverage unless he is no longer a resident of the household of the insured. Once he moves away from that particular residence, the exclusion no longer applies. That person is treated as other individuals who use this car who are not residents of the insured's home.
Johns, 696 So.2d at 14. (Emphasis added).
The facts in this case show that Michael Austin was not a resident of his parents' household at the time of this accident. Although Michael had lived with his parents for sometimes lengthy periods before 1994, the record shows that in that year he terminated his residence at his parents' home. While Michael worked as a disc jockey in Monroe, he maintained his home in that city for more than one year. Several months before this accident, Michael's formerly part-time job became a full-time job, and not long before the job classification change, he moved from his apartment into a duplex in West Monroe. He maintained no personal items of consequence at his parents' home. Although he had a key to his parents' house, the testimony shows that he spent little time there during this period. The testimony that Michael was free to live with his parents at any time is thus of substantially less relevance, as is his subsequent brief return to his parents' home in 1997. Compare Martin v. Willis, 584 So.2d 1192 (La.App. 2d Cir.1991), writ denied, 590 So.2d 589 (La.1992); Hamilton v. State Farm Mutual Automobile Insurance Company, 364 So.2d 215 (La.App. 3d Cir.1978), writ denied, 366 So.2d 915 (La. 1979).

Attorney Fees/Penalties
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Steptore v. Masco Construction Company, Inc., 93-2064 (La.08/18/94), 643 So.2d 1213. The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Gleason v. State Farm Mutual Automobile Insurance Company, 27,297 (La. App.2d Cir.08/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454.
While Hodge's allegation of negligence against the Austins was inartfully drawn, it nevertheless contained language asserting that Michael Austin was driving the Austins' vehicle with their permission. As noted above, in the ordinary case, the omnibus provision ensures coverage for losses created by "any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured...." Illinois' obligation to defend is at least as broad as the omnibus coverage provision. As such, the Austins had a right to be reimbursed for the costs of defending this tort action.
Because the effectiveness of the exclusion was an unsettled issue in this circuit, the trial court correctly held that Illinois was not arbitrary and capricious in failing to pay the claim and owed no penalties under that statute.
NOTES
[1] Specifically, Illinois also argues that the trial court erred in finding Michael was not a resident of the Austins' household at the time of the accident. However, in light of our holding that the exclusion applies to a named person and not a residential status at the time of the accident, it is unnecessary that we address this issue.
[2] Specifically, regarding the application of La. R.S. 32:900(L) to an excluded named driver who has physically moved from the insured's residence, the court stated that "this individual remains excluded from coverage unless he is no longer a resident of the household of the insured. Once he moves away from that particular residence, the exclusion no longer applies. That person is treated as other individuals who use this car who are not residents of the insured's home."
[3] The record also shows that despite the Austins' claims they did not know Michael remained excluded from the policy, James Austin inquired of his agent on February 10, 1995 how to remove Michael from the exclusion, and again on August 16, 1995 regarding how much it would cost to add Michael to the policy.