h JONES, Judge.
Defendant/appellant, Allstate Insurance Company (Allstate) appeals the judgment of the district court, which denied its Motion for Summary Judgment and certified the judgment as a final, appealable judgment. Following a review of the record, we affirm the judgment of the district court.

FACTS

Defendant, Patricia Watson, executed a six-month insurance policy with Allstate on April 19, 1995, which was to expire on October 20, 1995. As part of her agreement with Allstate, Ms.- Watson specifically excluded coverage for her son, Donald Watson, and her daughter, Monica Watson-both of whom were living at Ms. Watson’s residence on April 19, 1995. Additionally, both of the excluded drivers were unmarried and under the age of 25 at the time Ms. Watson executed the exclusion endorsement. As a result of excluding both of her children from coverage, Ms. Watson received a reduction in her premiums.
Shortly thereafter, Ms. Watson rented a 1995 Plymouth Neon from Swifty Car Rental & Leasing Inc. (Swifty) because her vehicle was in need of repairs. |PBased upon the rental agreement, Ms. Watson had the option to either purchase additional insurance through Swifty’s insurer, Northfield Insurance Company (Northfield), or allow her current insurer, Allstate, to furnish coverage for the rented vehicle. Ms. Watson chose the latter.
On October 16, 1995, Donald Watson, while operating the Plymouth Neon, rear-ended the plaintiff, Jodi Kelley Williams, on the Elysian Fields Avenue overpass in New Orleans. On October 4, 1996, Ms. Williams filed a Petition for Damages al *107 leging that she sustained multiple injuries from the above incident. In her petition, Ms. Williams named Donald Watson, Allstate, the insurer for the leased vehicle, Swifty, Northfield, Swifty’s liability insurer, and State Farm Insurance Company (State Farm), Ms. Williams’ liability insurer, as defendants in this action.
On August 12, 1999, Allstate filed a Motion for Summary Judgment, alleging that in light of the named driver exclusion executed by Ms. Watson on April 19, 1995, Allstate was not legally responsible for any damages caused while Donald Watson was operating the leased vehicle. On August 27, 1999, State Farm tendered its policy limits to its insured, Jodi Williams. On September 22, 1999, State Farm filed a Third Party Demand against Allstate, seeking reimbursement for all monies paid to the plaintiff as a result of the incident in October 1995.
On September 24, 1999, a hearing was conducted on Allstate’ Motion for | oSummary Judgment. After oral arguments, the district court denied the Motion for Summary Judgment and certified its judgment as final and appealable.[1] From this judgment, Allstate filed the instant appeal.

STANDARD OF REVIEW

A motion for summary judgment will be granted “if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” LSA C.C.P. art. 966(B). Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 609. Appellate courts review a motion for summary judgment de novo, and will not overrule the district court’s findings unless the plaintiff can present evidence of a material factual dispute. Id. (Emphasis added). The dispute must show that the existence or nonexistence of the contested fact(s) may be essential to the plaintiffs cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730. See also Encalade v. United Ins. Co. of America, 99-0085 (La.App. 4 Cir. 6/2/99), 735 So.2d 954.

DISCUSSION

The sole issue before this Court is whether the named driver exclusion exonerates Allstate from liability when Donald Watson struck the plaintiffs vehicle during the policy period?
Plaintiff argues that the district court was correct in denying the Motion for Summary Judgment because at the time of the collision Donald Watson was no plonger residing in Mrs. Watson’s home. Therefore, because Donald Watson was a “non-resident,” Allstate is obligated to insure Ms. Watson against any and all damages caused to the plaintiff from the incident in question. Moreover, the plaintiff argues that this case is analogous to the facts in Johns v. Cloud, 96-1459 (La.App. 3 Cir. 5/7/97), 696 So.2d 12, whereby the Third Circuit reversed the district court-which originally granted the motion-and denied the Motion for Summary Judgment.
In rebuttal, Allstate argues that Donald Watson’s domicile at the time of the accident is irrelevant since the exclusion at issue was not dependent upon where he lived when the damages occurred. Allstate also argues that the holding in Johns is not dispositive of the instant case. However, Allstate contends that this Court’s decree in Treadaway v. Progressive Northwestern Ins., 97-2356 (La.App. 4 Cir. 9/9/98), 720 So.2d 693, writ denied 98-2578 (La.12/18/98), 732 So.2d 528, is controlling. Moreover, Allstate contends that the district court erred when it stated that the insurance contract conflicted with Louisiana’s Motor Vehicle Safety Responsibility Law. We disagree.

*108
a. Exclusion Endorsement

According to the record, the Named Driver Exclusion Endorsement contained the following language:
I authorize the person(s) listed below to be excluded from my insurance policy. THIS MEANS THAT NONE OF THE COVERAGES AFFORDED BY THE POLICY WILL APPLY TO ANY DAMAGES, LOSSES, OR CLAIMS OF ANY PERSON OR ORGANIZATION CAUSED WHILE ANY MOTOR VEHICLE IS BEING USED OR OPERATED BY THE EXCLUDED DRIVER(S) LISTED BELOW EXCEPT AS PROVIDED IN THE FOLLOWING PARAGRAPH. This I..¡exclusion applies regardless of any provisions in the auto policy defining insured Persons. (Emphasis added).
I understand that this exclusion will not apply to me, my spouse or a resident relative (even if such spouse or resident relative is an excluded driver(s) listed below) for any claim made under the Uninsured Motorists Insurance (Coverage SS) afforded by the policy for injuries to me, my spouse or such resident relative while a passenger 'in any motor vehicle being used or operated by an excluded driver(s) listed below.
When words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA C.C. art. 2046; Addison v. Regional Transit Authority, 97-2289, 97-2876 (La.App. 4 Cir. 12/3/97), 703 So.2d 810. Additionally, the language of the contract does not have to be simple or easy to be free of ambiguities. See Ellsworth v. West, 95-0988 (La.App. 4 Cir. 1/19/96), 668 So.2d 402, writ denied, 96-0383 (La.3/22/96), 669 So.2d 1212.
Pursuant to the reading of the endorsement, Allstate is relieved of any liability relative to injuries caused to any person while the insured vehicle was being operated by the excluded driver. However, the exclusion would not apply if the named insured, the insured’s spouse or a resident relative were injured as a passenger in the insured vehicle that the excluded driver was operating. In other words, if Ms. Watson were driving the leased vehicle when it struck the plaintiffs automobile and Donald Watson was a passenger, then Watson’s son, as a passenger, would be able to recover under the Allstate policy. Thus, we find that the exclusion itself is clear and contains no ambiguity.

b. Jurisprudence

[«Nevertheless, a conflict exists within the jurisprudence regarding whether the excluded driver’s residency at the time of the accident precludes coverage in light of LSA-R.S. 32:900(L). The statute provides the following:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
(Emphasis added). Our brethren in the Second and Third Circuits have interpreted this statute in various ways regarding virtually the same factual scenario as we have here.
In Johns, the Third Circuit found that the excluded driver’s residency at the time of the collision was material and warranted a trial on the merits. According to the facts, the excluded driver was operating his mother’s vehicle when he struck a vehicle where the plaintiff was a passenger. However, unlike the instant case, the insured in Johns renewed her insurance policy several times before the accident oc-eurred-on each occasion her son was listed as an excluded driver. The Third Circuit also noted that the plaintiff submitted an affidavit from the officer who investigated the accident, which stated that the address given to him by the excluded driver was different from his mother’s address. Accordingly, the reviewing court reversed the district court after finding that the exclud *109 ed driver’s residency at the time of the accident was a material issue of fact.
In Hodge v. Austin, 31-564 (La.App. 2 Cir. 3/31/99), 732 So.2d 608, the excluded driver, who was the son of the insured, was operating his mother’s truck when he backed into a vehicle where the plaintiff was a passenger. The district court in Hodge, following a trial on the merits, concluded that the exclusion clause in the insurance policy absolved the insurer of liability-unlike Johns and the 17instant case where the exclusion was ruled upon by the district court during pre-trial motions. (Emphasis added).
In affirming the district court’s decision, the reviewing court in Hodge opined that the intent of the insurer was to offer a premium reduction to the insured if she agreed to exclude her twenty-three year old son, who was a high-risk driver that lived in her home. The Second Circuit went on to say that once the insured agreed to exclude her son, the son’s residency from that moment on was immaterial. The reviewing court further opined that forcing an insurer to defend an insured who negligently permits an excluded driver to operate his vehicle makes the purpose of the exclusion endorsement meaningless.
This Court’s decision in Treadaway is also factually distinct from the case at hand. In Treadaway, this Court affirmed the district court’s decision to grant the insurer’s Motion for Summary Judgment. Unlike Johns and Hodge, the excluded driver in Treadaway was the spouse of the insured who did not posses a valid driver’s license and was unfamiliar with the traffic at the intersection where the collision occurred. While the excluded drivers in Johns and Hodge had submitted evidence to suggest that their domicile had changed, there was no evidence in Treadaway to suggest that the excluded driver was not living with the insured at the time of the accident.
In the instant case, Ms. Watson stated, via deposition, that her son was living with his girlfriend at the time of the collision. However, the police report in the record suggests that Donald Watson was residing with his mother on the date of the accident. Hence, this Court finds that there is a genuine dispute regarding the location of Donald Watson’s domicile at the time the accident. We also find, as did the reviewing court in Johns, that the residency issue is fact sensitive and | ¡¡material to the issue of coverage. Therefore, we find no error by the district court. Accordingly, we affirm the judgment of the district court.

DECREE

For the foregoing reasons, we affirm the district court’s judgment, which denied the Motion for Summary Judgment on behalf of Allstate Insurance Company. The appellant is assessed all costs for this appeal.

AFFIRMED.

ARMSTRONG, J., concurs in the result.

. See LSA C.C.P. art. 1915(B)(1).