PER CURIAM.
12Plaintiff, Lacey L. Normand, filed a petition for damages for the injuries she avers she sustained in an automobile accident that occurred on October 16, 2004, with a vehicle owned by defendant, Cheri Grayson, and driven by her husband, Stephen. The Grayson vehicle was insured by a vehicle insurance policy issued to Cheri by USAgencies Casualty Insurance Company, Inc., (USAgencies) but Stephen was an expressly excluded driver. The trial court denied a motion for summary judgment filed by USAgencies, reasoning that Cheri was potentially liable to Normand for her negligent entrustment of her vehicle to Stephen. USAgencies seeks supervisory review.
In 2006, based on the driver exclusion, USAgencies filed a motion for summary judgment, urging entitlement to dismissal from the lawsuit since Stephen, a specifically excluded driver under the policy it issued to Cheri, was operating the vehicle at the time of the accident. The trial court granted summary judgment on this basis but also concluded that Normand could pursue her claims against USAgencies as a result of Cheri having negligently entrusted her vehicle to Stephen. USAgencies then filed this second motion for summary judgment, asserting that the policy issued to Cheri did not provide coverage for a negligent entrustment claim. After a hearing, on November 19, 2013, the trial court denied USAgencies’ second motion for summary judgment noting its earlier denial of summary judgment on this basis.
In this review, USAgencies contends the named-driver exclusion precludes coverage to the named insured for negligently entrusting a covered vehicle to an explicitly excluded driver. Normand asserts that as a separate independent tort arising out of ownership of a vehicle, USA-gencies cannot exclude negligent entrustment claims from coverage under La. R.S. 32:900.
|sThe statutory scheme provided by the Louisiana Motor Vehicle Safety Responsibility Law, see La. R.S. 32:851 et seq. is intended to attach financial protection to the vehicle rather than the operator. Accordingly, Louisiana’s automobile insurance law requires omnibus coverage in favor of any person using an insured vehicle with the permission or consent of the name insured. La. R.S. 32:900(B)(2); Bryant v. United Services Automobile Association, 2003-3491 (La.9/9/04), 881 So.2d 1214, 1218.
*541 But in 1992, the legislature created an exception to the general rule of omnibus coverage, enacting section (L) of La. R.S. 82:900, which permits a named insured to exclude from coverage a resident of his household. See 1992 La. Acts, No. 979, § 1.
At all times relevant to the instant matter, La. R.S. 32:900(L)(1) provides, in pertinent part:
[A]n insurer and an insured may by written agreement exclude form coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the •written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term “named insured” means the applicant for the policy of insurance issued by the insurer.
In sum, Section 900(L)(1) grants the automobile insurer and the insured the statutory authority to contractually exclude a resident of the insured’s household from coverage under the automobile policy. The purpose of Section 900(L) is to allow the named insured the option of paying a reduced premium in exchange for obtaining an insurance policy that affords no coverage for an accident while a covered vehicle is being operated by an excluded driver. Bryant 881 So.2d at |41219; Joseph v. Dickerson, 99-1046 (La.1/19/00), 754 So.2d 912, 917; Bimah v. Meza, 2012-0124 (La.App. 1 Cir. 11/2/12), 2012 WL 5383168.[1]
In this case, the insurance policy provided coverage to Cheri from May 1, 2004 to October 31, 2004. It is undisputed that her husband Stephen was a resident of Cheri’s household and was an excluded operator under the policy. Additionally, the policy provides that “Excluded Persons” are classified as “persons that live in my household and I request in writing to exclude these persons from any benefit of this policy, (i.e. repair of listed vehicle, any investigation of an accident, or any lawsuit brought against me or the excluded person) USAgencies Casualty Insurance Company will not be responsible for any damage caused by an excluded person or non-listed household resident not found on this application.” (Emphasis added).
Both this court and the Louisiana Supreme Court have upheld named driver exclusions that excluded coverage for accidents involving minor drivers. See Williams v. Watson, 2001-0495 (La.10/16/01), 798 So.2d 55, and Bimah supra. While the precise issue presented in Williams (i.e., whether the named driver exclusion remains valid when the excluded driver is no longer a resident of the insured’s household) is not present in this ease, the Supreme Court’s analysis is helpful in addressing the arguments raised in this writ.
*542 Looking first at the statutory language itself, the Williams court noted that La. R.S. 32:900(L)(1) allows the insurer and the insured to “exclude from coverage any other named person who is a resident of the same household as the named | ¡¡insured at the time that the written agreement is entered into.” Thus, the statutory language at issue clearly allows the insured and insurer to exclude from coverage any person the parties specifically name in the exclusion and does not limit or restrict the ability of the parties to the contract to exclude coverage for a named person based on the age of the driver. Moreover, the Williams court noted that the sole purpose of this type of exclusion is premium reduction. Williams, 798 So.2d at 59. Thus, an excluded driver endorsement can enable an insured, who would otherwise have difficulty obtaining insurance coverage for a vehicle, to obtain insurance at a reasonable rate.
As such, where an excluded driver endorsement has been validly executed, refusing to recognize the validity of the exclusion results in the imposition on the insurer of a coverage obligation not commensurate with the premium paid and, thus, defeats the purpose of the omnibus coverage exception provided for in La. R.S. 32:900(L). See Williams, 798 So.2d at 59. Moreover, allowing coverage under the theory of negligent entrustment would unjustly deprive the insurer of the benefit of its bargain by allowing an insured to purchase a vehicle liability policy with an excluded driver endorsement, permit the excluded driver to drive the insured vehicle, and reap the benefits of the policy. By enacting La. R.S. 32:900(L), the legislature permitted the exclusion of high-risk drivers from coverage in exchange for a reduced premium. Accordingly, we conclude that the USAgencies’ policy issued to Cheri Grayson does not afford coverage for negligent entrustment of her insured vehicle .to her husband Stephen, an explicitly excluded driver.
DECREE
For these reasons, the writ is granted. The trial court’s denial of USAgeneies’s motion for summary judgment on the issue of Cheri Grayson’s alleged negligent en-trustment of her vehicle to her husband, Stephen, is reversed. | ¡¡Judgment is rendered in favor of USAgencies Casualty Insurance Company, Inc., granting summary judgment based on a finding that the named-driver exclusion in a vehicle liability insurance policy has the effect of also precluding coverage to the named insured for any claims of negligent entrustment of the covered vehicle to an explicitly excluded driver.
WRIT GRANTED; JUDGMENT DENYING SUMMARY JUDGMENT REVERSED; JUDGMENT GRANTING SUMMARY JUDGMENT RENDERED.

. Although not effective at the time this matter occurred, we note that the Louisiana legislature recently enacted La. R.S. 22:1295.1(C), (2014 La. Acts, No. 21, § 1), which addresses this issue and provides in pertinent part:
If the operator has been excluded pursuant to R.S. 32:900(L), the insurer shall not be liable, and no liability or obligation of any kind shall result to the insurer for bodily injury, loss, or damage under any coverage of the policy, nor shall the insurer be obligated to provide a defense or pay any costs of defense.